UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.   5:23 CR 162 |
| ) | |
| Respondent, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| KALEB ASA LOVE WATSON, ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| Petitioner. ) | |

This matter comes before the Court upon Petitioner, Kaleb Asa Love Watson's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. (ECF #47). The Government filed a Response in Opposition to Petitioner's Motion (ECF #49). No Reply was timely filed.

I.

The Petitioner, Mr. Watson pled guilty to three counts of bank robbery, pursuant to a written plea agreement. (ECF #30). The Court sentenced him to 60 months in the Bureau of Prisons on each count, to be served concurrently. (ECF #39, 41). Mr. Watson did not appeal his

conviction or sentence. He now seeks a reduced sentence on the grounds of ineffective assistance of counsel.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). . In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). Relief cannot be granted for alleged errors that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1076). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted. . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record

conclusively shows that petitioner is not entitled to relief).

### III.

Petitioner's motion asserts ineffective assistance of trial counsel. He alleges that his attorney did not properly present mitigating factors and argue for a variance at sentencing; and, that his attorney did not properly advise him about the waivers included in his written plea agreement. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The prosecution has no duty to prove that defense counsel's strategy was actually reasonable, rather the petitioner bears the burden of proving that the presumption is not warranted. *Id.* at 690. When reviewing allegations of ineffective assistance, effectiveness should be measured by "prevailing professional norms, " not best practices or most common custom. *See, Harrington v. Richter*, 562 U.S. 86, 105 (2011)(quoting *Strickland*, 466 U.S. at 690); *see, also, Rompilla v. Beard*, 545 U.S. 374, 380 (2005). The court's inquiry must consider the circumstances and

3

perspectives of counsel at the time of the alleged error, and should not take place in a vacuum or with the benefit of hindsight. *See, Strickland,* 466 U.S. at 688-89. "The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable or constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Further, attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

In addition to proving deficiency, Mr. Watson will have to show that his counsel's errors prejudiced the outcome of his case. Counsel is only ineffective under the Constitution if their performance was prejudicial to the defense. *Id.* at 692. It is insufficient to show that counsel's errors had "some conceivable effect on the outcome of the proceeding," rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this case, Mr. Watson pled guilty, therefore, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

A. <u>Failure to investigate</u>

Mr. Watson alleges that his Counsel was ineffective for not investigating possible defenses, He does not explain what defenses he believes might have existed, or how they would have affected his case. Ineffective assistance of counsel cannot be established if the record does not show how the allegedly missing information might have altered the outcome of the case. *United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009). He chose to plead guilty and received the benefit of doing so. Further, by signing the plea agreement, and initialing each page,

4

Mr. Watson admitted to the factual basis for the charges and acknowledged that he discussed "this case and the plea agreement in detail with my attorney who has advised me of my Constitutional and other trial and appeal rights. . . possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case." Finally, he has not claimed that, but for his counsel's alleged failure to investigate potential defenses, he would have chosen to go to trial rather than plead guilty. Therefore, he has failed to establish any prejudice from counsel's alleged ineffectiveness.

    B. <u>Failure to argue downward departure</u>

Mr. Watson's signed the plea agreement specified that both parties agreed to recommend a sentence within the advisory Sentencing Guidelines range for a total offense history 25, criminal history catetory I. The agreement also explicitly stated that "[n]either party will recommend or suggest in any way that a departure or variance is appropriate either regarding the sentencing range or the kind of sentence." In signing the plea agreement, and initialing each page, Mr. Watson agreed to the sentencing limitations set forth above, and acknowledged that his attorney advised him of my Constitutional and other trial and appeal rights. . . the advisory Sentencing Guidelines and other aspects of sentencing. Therefore, he voluntarily and knowingly agreed that his counsel would not argue for a departure based on any grounds in exchange for the benefits of the plea agreement. Further, although he asserts that counsel failed to raise the issue of his age, brain development and "childhood abuses due to poverty," the Court was fully aware of Mr. Watson's age, his family's history of poverty, certain childhood traumas he suffered, and his long history of substance abuse. These factors were described in the Pre-Sentence Report and

in his counsel's Sentencing Memorandum. (ECF #36, 38). Mr. Watson also had the opportunity to raise any other issues of childhood abuses or trauma that he believed were relevant to his sentencing during his pre-sentence report interview. Mr. Watson has not shown that his counsel was ineffective for failing to argue for a departure, as doing so would have violated the terms of the plea agreement. He has also failed to show that counsel's failure to argue for a departure on any of the suggested grounds was prejudicial as the Court was aware of his age and family history prior to sentencing. In fact, the Court accounted for these factors by sentencing Mr. Watson to the lower end of the Sentencing Guideline range.

C. <u>Involuntary Plea</u>

Mr. Watson's final ground for relief is his assertion that due to the alleged ineffectiveness of counsel he did not fully understand what rights and defenses he was waiving when he signed the plea agreement. This assertion is clearly disproven by the record. Not only did Mr. Watson acknowledge that his agreement to the plea was complete and voluntarily entered into when he signed the written plea agreement and initialed all pages; he also testified under oath at his plea hearing that he was entering his plea knowingly and voluntarily. (ECF #29; 30 at PageID 89-90). To ensure that he was aware of all terms and had no lingering questions about the content of the plea agreement, the Court had the plea agreement read in full in open court. (ECF #29). A defendant's declaration in open court that he is entering a plea knowingly and voluntarily carries a strong presumption of truth. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Mr. Watson has offered no evidence that would suggest he did not both intend and comprehend the consequences of his prior in-court statement. There is no basis upon which this Court could find that Mr. Watson was unaware of the terms of the plea agreement, or that he would have decided

6

to take the case to trial had his counsel provided him with more information of some kind.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. As Mr. Watson has failed to meet his burden of proving a violation of his constitutional rights by a preponderance of the evidence, on any grounds, his claim is DENIED.

## IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

7

893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED (ECF #47).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 5, 2024